Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Mark Phillips

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Phillips,<br><br>               Plaintiff,<br><br>v.<br><br>Standard Insurance Company,<br><br>               Defendant. | ACTION NO.:<br><br>**COMPLAINT** |

## JURISDICTION

1.  This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

## VENUE

2.  Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), the California Teachers Association Economic Benefits

Complaint                                                                                1

Trust Member Welfare Benefit Plan (hereinafter the "PLAN") is administered in this District and the wrongful conduct alleged herein took place in this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial portion of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4. At all relevant times, plaintiff Mark Phillips was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5. At all relevant times, the California Teachers Association Economic Benefits Trust Member Welfare Benefit Plan was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by the California Teachers Association and/or its successor(s) in interest, and administered, at least in part, in San Francisco, California. At all relevant times, the PLAN offered long term disability benefits to the members of California Teachers Association and employees of the Colusa County Office of Education, including plaintiff, through, *inter alia*, an insurance policy issued by defendant Standard Insurance Company (hereinafter "Standard").

6. At all relevant times, defendant Standard, or one of its subsidiary or parent companies, administered the claims at issue herein. All of said entities were fiduciaries of the PLAN within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21). At all relevant times, Standard exercised control over the payment of long term disability benefits which are PLAN assets.

Complaint                                               2

## FACTS COMMON TO ALL CLAIMS

7. Prior to his disability, plaintiff worked full-time as a special education teacher for the Colusa County Office of Education.

8. On or about May 25, 2010, plaintiff filed a claim for disability benefits with defendant and the PLAN. Plaintiff had been suffering from prolonged sickness as a result of his total disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by his treating physician. On or about August 23, 2010, defendant Standard approved plaintiff's claim for disability benefits under the policy and the Plan.

9. Between May 25, 2010, and the present, and at all other relevant times, plaintiff complied with all terms and conditions of the policy and the PLAN and remained, and continues to remain, disabled under the terms of the policy and the PLAN.

10. On or about April 26, 2011, defendant Standard terminated plaintiff's claim for continued disability benefits under the policy and the PLAN, alleging that certain information in its possession indicated that plaintiff no longer met the definition of disability under the terms of the policy and the PLAN.

11. On or about November 18, 2011, plaintiff appealed Standard's termination of his benefits. Among other things, plaintiff sent Standard additional documentation of his disability and asked that it pay his benefits. On or about February 18, 2014, Standard denied plaintiff's appeal and refused to pay further benefits under the policy and the Plan.

12. Plaintiff has exhausted his administrative remedies.

13. At all relevant times herein, plaintiff has been, and remains, disabled and entitled to benefits under the terms of the policy and the PLAN.

//

//

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

14. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 13 of this complaint.

15. ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or clarify his rights to future benefits under the terms of a plan.

16. By, *inter alia*, failing to pay plaintiff long-term disability benefits, despite his complying with the policy's and the PLAN's requirements of submitting written proof of his disability; relying on a standard of proof not articulated in the policy's and the PLAN's provisions; refusing to provide plaintiff with medical or other documentation which substantiated the decision to terminate benefits; and failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations, defendant has violated, and continues to violate, the terms of the policies and the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as is hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
(For Equitable Relief Under ERISA §502(a) (3))

17. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 16 of this complaint.

18. ERISA § 502(a) (3) (29 U.S.C. § 1132 (a) (3)), permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of the plan or of ERISA.

19. In refusing to pay the benefits at issue herein, defendant has violated the terms of the PLAN and ERISA by its acts, including, but not limited to: breaching its fiduciary duties

under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the policy and the PLAN; failing to furnish plaintiff with documents relating to his claim for benefits within the specified time period; acting in bad faith by terminating his claim in reliance upon a standard not set forth in the policy and the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the termination was based; failing to provide plaintiff with a description of what was needed to perfect his claim; and ignoring medical records and physicians' opinions which support plaintiff's claim.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendant as follows:

### PRAYER FOR RELIEF

A. Declare that defendant violated the terms of the policy and the PLAN and plaintiff's rights thereunder by failing to pay plaintiff his disability benefits;

B. Order defendant to pay plaintiff all disability benefits due him pursuant to the terms of the policy and the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Declare plaintiff's right to receive future benefit payments under the terms of the policy and the PLAN;

D. Declare that defendant has breached its statutory and fiduciary duties to plaintiff and the PLAN and enjoin it from further breaches of said duties;

E. Remove Standard as a fiduciary of the PLAN and replace Standard with an independent fiduciary;

F. Award plaintiff pre-judgment interest on all monies requested herein;

//

//

Complaint 5

G.  Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g)); and

H.  Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: July 22, 2014                        By:   Scott Kalkin /s/
                                                  Scott Kalkin
                                                  Attorneys for plaintiff

Complaint                                           6